B. MITCHELL'S HEIRS *v.* JOHN THOMPKINS' ADMR. AND OTHERS.

**Wills—Attempt to Dispose of Property Belonging to Another.**

> That the testator intended to dispose of the land which descended to his wife from her father cannot admit of a doubt. He gave to his wife all his estate during her life, and at her death the property which he received with her was to be equally divided between his two sons.

**Wills—Election—Acquiescence Evidence of—Waiver.**

> The wife lived more than 25 years after the death of the testator and never renounced the provisions of the will nor ever claimed any right to dower or distribution as a widow unprovided for, but acquiesced in and held under the will as a devisee, which amounted to an election to stand by and take under the will.

**Wills—Election Cannot Be Revoked After Death.**

> The widow having taken under the will with a knowledge of her rights, she, if living, could not revoke her election and her devisee cannot do so after her death.

APPEAL FROM MERCER CIRCUIT COURT.

April 20, 1872.

OPINION BY JUDGE PETERS:

After having threaded with all the patience that is the heritage of humanity, the various labyrinths constructed by the pleaders

of the different parties to this controversy, in seasons of uninterrupted leisure it would seem, we have discovered but two questions involved.

1st. Did Mrs. Mitchell take the estate, devised to her by her husband, and hold the same under his will, including the land which descended to her from her father?

And, 2d, what estate passed by the deed of Harvey M. Mitchell to B. B. Mitchell of the 9th of April, 1841?

These two questions will be considered in the numerical and natural order in which they are here presented.

The testator, Isaac Mitchell, in the first clause of his will, uses this language. "I give to my two youngest children, Basil and Harvey, after the death of their mother, the property or its value which I received with her to be equally divided between my two said children, Basil and Harvey. I give to my wife during her life all my estate; at her death, the two youngest children are to receive the before mentioned legacy, the balance to be equally divided between my four children, William, Marthena, Basil and Harvey."

That the testator intended to dispose of the land which descended to his wife from her father cannot, from the language used, admit of a doubt; he gave to his wife all his estate during her life, and, at her death, the property which he received with her was to be equally divided between his sons, Basil and Harvey, who were also her sons. This language is comprehensive enough to embrace the land in controversy, and we think the testator intended to dispose of it by his will.

It is next to be considered whether Mrs. Mitchell elected to hold under the will and did not claim the land against it in her own right—for although the testator could not pass any other, or greater interest in the land than he himself held, yet if she elected to abide by the will, and claim its provisions, she thereby waived her independent right to the property embraced by it; and that property passed by the will in consequence of an estoppel arising from her voluntary act of election, and should, for all purposes, be considered as the estate of the testator, which he had a perfect right to dispose of by his last will and testament.

From all the facts and circumstances developed, it is difficult

to resist the conclusion that Mrs. Mitchell voluntarily and understandingly elected to approve and abide by the will of her husband, and to waive any rights she might have in conflict with it.

She lived more than 25 years after the death of the testator, and never renounced the provisions of the will—never claimed any right to dower, or distribution as a widow unprovided for, but seemed to acquiesce in, and hold under, and doubtless considered herself as devisee.

And the court is not authorized to presume that she did not fully understand her rights and the consequences of her acquiescence—on the contrary it is to be presumed that she understood that her whole estate, as well as that of her husband, was embraced by the will, and that she could not hold her own estate in her own right, and her husband's also as his devisee. And having taken under the will with a knowledge of her rights, she, if living, could not revoke her election, and certainly her devisee cannot do so after her death.

This doctrine is ably discussed and fully recognized in the case of *Clay & Craig v. Hart, 7 Dana* 1, and by other authorities fully established.

The two sons of the testator, Basil and Harvey, took a vested remainder in the land in controversy under his will, and the undivided interest of Harvey therein passed by his deed of April 9, 1841, to his brother, Basil B. Mitchell; for there is not sufficient evidence to raise even a suspicion that the sale to him was what it purports to be, absolute, made for a valuable consideration and in good faith.

Wherefore the judgment is *reversed,* and the cause is remanded with direction to dismiss the original, and the several amended petitions of Thompkins' Admr. and of Bohon against Basil Mitchell's heirs, and also the cross-petition of Harvey M. Mitchell against the same, and for further proceedings consistent herewith.

*A. Hardin, T. C. Bell, for appellant.*

*Polk & Durham, for appellee.*